THE CITY OF ALBANY, Appellant, *v.* SARAH M. ANDREWS and Others, Respondents, Impleaded with others.

*Principal and surety — securities given to the sureties, when given only to indemnify them — when no trust is impressed thereon in favor of the party contracting with the principals — extent of the sureties' rights therein to indemnify themselves against costs, etc.*

Bonds and mortgages, given by contractors with the city of Albany to the sureties on their bond to the city, were conditioned that the obligors and mortgagors and their legal representatives "shall well and truly indemnify and save harmless" the said sureties "from all and all manner of suits, actions, damages, charges, costs, expenses or losses, which they, or either of them, may sustain or be put to by reason of their so becoming sureties on said bond to said city of Albany," and further that if "judgment shall be rendered in favor of the city of Albany against" the sureties, or either of them, "for the payment of the sum of $50,000, then and in that case said sum of $50,000 * * * shall immediately become due and payable, and shall be a lien on the premises described in the mortgages executed with even date herewith," the mortgages further reciting that they were "intended to secure" the sureties, according to the conditions of the bond, for all "costs, charges, expenses, suits, damages and losses which they * * * may be put to or sustain, by reason of their so becoming sureties upon said bond to said city of Albany," and that if default is made and "judgment is rendered in favor of said city of Albany or its Special Water Commissioners against" the sureties, then they may sell and retain the costs, charges and damages they "shall sustain," paying the surplus, if any, to the mortgagors.

*Held,* that such provisions clearly disclosed the intention of the parties to be that the sureties were to be indemnified against damnification;

That the last paragraph of the mortgages, to the effect that "this conveyance shall be void if payment or satisfaction is made by said William D. Andrews & Bro. (the contractors) to said city of Albany as hereinbefore specified," etc., did not alter that construction;

That the further fact that said bonds and mortgages were substituted for a fund deposited under an agreement entered into between the contractors and the sureties, which, after reciting the contract and the obligation of the sureties, provided for the deposit in bank, "to the joint order of the parties" to that agreement, of moneys to be received on the contract, until the deposit had reached the sum of $50,000, the deposit to remain "as security for the faithful performance" by the contractors "of said contract, and the deposit so made being for the purpose of securing the said parties of the second part," said sureties, "from any liability or harm from their so becoming sureties; * * *" also, to "meet any claim the said city of Albany may establish against the parties of the first part herein, or their sureties, should said parties

of the first part fail to perform said contract," and that, upon said bond to said city of Albany being canceled, the money so deposited should become and be the property of the contractors, did not indicate any other intention or purpose;

That such agreement was personal to the sureties, and did not create any trust in favor of the city, and that an action would not lie by the city to secure an adjudication that it was the equitable owner of or was entitled to the said bonds and mortgages;

That the sureties, who had been sued to recover damages for an alleged default of their principals, and had succeeded in such action, were entitled to have their costs, charges and expenses, attendant upon such litigation, paid from the securities pledged by the principals for their protection.

APPEAL by the plaintiff, The City of Albany, from a final judgment of the Supreme Court in favor of certain of the defendants, entered in the office of the clerk of the county of Suffolk on the 2d day of February, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term.

*John A. Delehanty,* for the appellant.

*William Man,* for the respondent Edward Man.

*E. Countryman,* for the respondents Edward Moore, Henry C. Moore and Peter J. Flinn.

*F. C. Huntington,* for the respondent Robert S. Livingston.

Judgment affirmed, with costs, on the opinion of MADDOX, J., at Special Term.

All concurred.

The following is the opinion of MADDOX, J., delivered at Special Term :

MADDOX, J. :

Plaintiff having recovered, on January 22, 1897, a judgment against Mary A. Andrews, as executrix, etc., of William D. Andrews, deceased, the surviving partner of the firm of William D. Andrews & Bro., composed of William D. and George H. Andrews, for $205,960.70, because of the failure of said Andrews' firm to perform their contract with the plaintiff for the construction of a water plant, now seeks to be declared the equitable owner of and entitled to two certain bonds and mortgages and also certain surplus

moneys covered by one of said mortgages, and plaintiff asks judgment of foreclosure thereof.

Said bonds and mortgages were given to the defendants Livingston, the Moores and Flinn as indemnity, they being the sureties, with said William D. Andrews and George H. Andrews as principals, on a bond to plaintiff for $50,000 for the performance of said contract.

The said sureties have been held, in *Livingston* v. *Moore, The City of Albany & Others* (15 App. Div. 15), to have been discharged from all liability under their said bond or obligation to the plaintiff, by reason of material changes made in said contract, without their consent, after the delivery of the bond to plaintiff. The city of Albany has appealed therefrom to the Court of Appeals, and such appeal is still pending, but that fact, in my opinion, offers no embarrassment in determining the questions here involved.

Plaintiff invokes the rule that a creditor is entitled to the benefit of all securities or pledges in the hands of the surety, given by the principal, as indemnity against any charge or liability because of a breach, while the answering defendants contend that the security was given to indemnify the sureties only as against damnification, and hence that plaintiff has no right to subrogation, and they ask to be reimbursed for the costs and expenses they have been put to in *Livingston* v. *Moore, City of Albany et al.* and in this action, and also ask for the foreclosure of said mortgages. The defendant Man's attorney has, since the trial of this action, withdrawn his opposition to the recovery by the defendants the Moores and Flinn here, of what they may be entitled to, and hence all questions may be determined in this action.

If the indemnity was against contingent liability, if the mortgages were given to the sureties, not to secure performance of the Albany contract or to provide a fund for the payment of the damages occasioned by a breach thereof, but to save harmless the sureties from a contingent liability or loss, against any damage that they might be subjected to because of that breach, then plaintiff cannot succeed, for that contingency must first come.

The intent and purpose of the parties must be gathered from the language used and the bonds and mortgages so construed.

The bonds and mortgages are alike in language, excepting only

the descriptions of the property and amount of insurance, the condition of the bonds being that the obligors, the Andrews, and their legal representatives "shall well and truly indemnify and save harmless" the said sureties "from all and all manner of suits, actions, damages, charges, costs, expenses or losses, which they or either of them *may sustain or be put to* by reason of their so becoming sureties on said bond to said city of Albany;" and further, that if "judgment shall be rendered in favor of the city of Albany against" the sureties, or either of them, "for the payment of the sum of $50,000, then and in that case said sum of $50,000 * * * shall immediately become due and payable, and shall be a lien on the premises described in the mortgages executed with even date herewith."

The mortgages also recite that they are "intended to secure" the sureties, according to the conditions of the bond, for all "costs, charges, expenses, suits, damages and losses, which *they* * * * *may be put to or sustain,* by reason of their so becoming sureties upon said bond to said city of Albany," and if default is made and *"judgment is rendered* in favor of said city of Albany or its Special Water Commissioners against" the sureties then they may sell, and retain the costs, charges and damages they *"shall sustain,"* paying the overplus, if any, to the mortgagors, their legal representatives or assigns.

In my judgment it was clearly the intention of the parties that the sureties were to be indemnified against damnification, and the last paragraph of the mortgages in no wise alters that conclusion, for in effect it provides only for the consequent result, that the conveyance should be void if the sureties were "saved harmless," and it involves no obligation other than one for the sureties' benefit.

Plaintiff further contends that the securities, the bonds, mortgages and surplus moneys in question, are impressed with a trust in plaintiff's favor, because they are the substitutes for a fund provided for by an agreement dated August 10, 1887, between the Andrews and their said sureties, such substitution being due to the acts of the parties to that agreement and being in derogation of plaintiff's right fixed thereby, namely, the right to have the sum so to be created applied in payment of any judgment it might recover against the Andrews *or* their sureties, upon the ground that such was the expressed

intention and purpose of the parties. That agreement, after reciting the Albany contract and that Livingston, the Moores and Flinn had "become sureties to the" Andrews on said bond to plaintiff for $50,000, provided for the deposit in the Albany County Bank "to the joint order of the parties" to that agreement, of certain of the moneys to be received on said contract until $50,000 was so deposited, the sums so deposited to remain "as security for the faithful performance" by the Andrews "of said contract, *the deposit so made being for the purpose of securing the said parties of the second part,*" said sureties, "*from any liability or harm from their so becoming sureties;* * * *"* also to "meet any claim the said city of Albany may establish against the parties of the first part herein, or their sureties, should said parties of the first part fail to perform said contract," and upon said bond being canceled the money so deposited to become and be the property of the Andrews.

The intent and purpose is thus, to my mind, apparent to secure the sureties against *liability or harm ;* not to secure the plaintiff, for it then had the bond for $50,000. Again, what was it to meet? Any claim the city of Albany may establish against the principals on that bond *and* their sureties. I think the word "or," meaning as it does "one or the other," "not both," must give away and be replaced by the word "and" so that it may read "to meet any claim the said city of Albany may establish against the parties of the first part herein *and* their sureties;" for, to recover as against the sureties upon such an obligation as the one held by plaintiff, it must be such a claim as may be established against both the principal and the surety, not one or the other.

The agreement thus provided for security is personal to the sureties and is not capable of such an interpretation as sustains plaintiff's contention, nor does it create any trust in plaintiff's favor, and hence a consideration of the modifying agreements, leading to the security now held by the sureties, is unnecessary.

For the reasons above stated, the cases of *Nat. Bank of Newburgh* v. *Bigler* (83. N. Y. 51) and *Crosby* v. *Crafts* (5 Hun, 327) are distinguishable from the one under consideration.

The defendants Livingston, the Moores and Flinn are entitled to recover and have out of such securities their costs, charges and expenses in the Livington case and their counsel fees and expenses

in this action.    Such expenses are fairly comprehended within the conditions of the bonds, were made necessary and were occasioned by reason of their suretyship.

The defendant Livingston having given to the defendants Moores an indemnity bond against damage or loss because of their said suretyship, and a mortgage, covering certain lands in Dutchess county, as collateral thereto, it follows that if the proceeds realized from the two bonds and mortgages and the surplus moneys in question here are insufficient to pay the defendants Livingston, the Moores and Flinn what they are entitled to by way of reimbursement in full, then the share of such proceeds belonging to said Livingston shall be applied to the payment of the deficit, if any, due to the said Moores, and if their claim be fully liquidated that the bond and mortgage so given to them by said Livingston be delivered up and canceled.

Any surplus of the proceeds of the securities here in suit shall be paid to the defendant Man, the owner of the equity of redemption.

The question as to the claims of the sureties respectively, that is the amount allowable to each, having been reserved, counsel may be heard on the settlement of findings and decree as to the manner of ascertaining the same.

Judgment should, therefore, be directed dismissing the complaint with costs to the defendants Livingston, the Moores and Flinn, and plaintiff to have its disbursements payable out of fund realized from the securities, judgment of foreclosure and sale to be entered, and the defendants, the sureties, to be allowed the amounts due to each respectively.

Let findings and judgment be settled on two days' notice.